3-16-0039 People of the State of Illinois, Appalee by Jasmine Morton v. Eric Johnson, Account by Alan Freedman Mr. Freedman May it please the court, my name is Alan Freedman, I'm representing Eric Johnson, opposing counsel The defendant Eric Johnson was convicted of domestic aggravated battery and unlawful restraint. He was sentenced to nine years to serve 85 percent. The appellant submits that the nine year sentence is excessive and without deprecating the experience of his girlfriend or justifying his conduct. He should have received a minimum of six years. This court should find that the Craw Court abused its discretion in giving this sentence. This court should face this on three factors cumulatively. The actual facts in the case, analyzing previous excessive sentence claims by the appellate court, and finally the actual litigation that was submitted. First is to the facts. The facts are virtually undisputed. The defendant and his living girlfriend for about a month in a motel in Bradley had an unhealthy relationship. They were both alcoholic dependent. That day of the incident they began drinking at noon, drinking beer and violence. The girlfriend wanted to go outside of the motel to smoke at 10 p.m. The defendant thought that was dangerous because there were homeless people in back of the motel and he ultimately restrained her. She tried to go out. She tried to unlock the door. She had trouble doing that. He pushed her on the bed approximately four times. He ultimately restrained her by tying her up and ultimately he tied her up and then she stopped resisting. He untied her. That incident lasted about 90 minutes. Fortunately there was no permanent physical harm. There was obviously no disfigurement. There were some red spots behind her ear, on her arm and back of the neck I believe. But there was no serious bodily harm. The defendant did put his hand over her mouth and his hand on her throat, restricted her breathing. That made it and the court found because of that that this was an aggravated domestic battery. We submit these particular facts don't deserve, I mean I'm not trying to justify them and say yes it deserves a prison sentence, but beyond the minimum of six years this is an excessive sentence. I submit even the appellate court cases that were cited by the state, when you analyze those cases that they cite, shows that this sentence was excessive. I think the most illustrative case, and the state says it's illustrative, was the case from this court, Pinkle v. Holman. That case was an aggravated domestic battery. That individual got 14 years, but what did he do? He literally poked somebody's eye out, nearly blinded the other eye and when you compare the two, this must be excessive. There was none of that in this particular case. But what was the sentencing range for class acts? Six to 30, Your Honor. And didn't the state ask for 15? 12. 12, so I mean it's with a range of up to 30 years, isn't it difficult for us to find something as low as nine as excessive? I think in light of the fact that this case, when you compare it to what really happened, they were both drunk and they were both, there was no permanency. I'm not justifying the behavior. I mean, I'm not trying to deprecate her experience. Six years is a serious sentence. I mean, I've seen less. I mean, he deserves to go to prison. I'm not going to argue that in this courtroom. But not that extra three years is almost like piling on. Six years when you consider the other cases. And I believe, I know there's the firm case out there, but when you take a close reading of the firm case, it allows you to take your experiences and determine whether a sentence is manifestly disproportionate. And your experience as an appellate judge is previous appellate decisions. In one case they cite somebody, a three and a half year old child gets seven years. Another murder, 80 years. Seven years for voluntary manslaughter, for shaking and hitting a ten month old baby. Ten years for having sex with somebody who can't give consent to sex. When you compare all these cases, nine years is extremely excessive. And finally, I want to just briefly touch, the litigation here was strong to justify a minimum sentence of six years. First of all, he didn't contemplate harming her. He actually cared for her. The trial court actually made a finding that he cared for this young lady. Remember, he didn't intend to do harm. There's no intention to do harm. All these other cases, who have gotten even lesser sentences, there's no debate. They intended to do harm. And he was also suffering from post-traumatic syndrome and depression and bipolar. That's another serious statutory mitigating factor between the no intent and his condition. He also had a strong employment history, which he had custody of his daughter. He was supporting his daughter. I mean, those are strong factors. And finally, he had a long military career. So, I mean, when you add up all these factors, and I know in the comparison of things, what's three years? But three years is a long time, and this was obviously a case to justify the sentence based on his history. But six years, anything out of the way, I'd say that it's excessive. Unless there's any questions. One minute. Good morning. May it please the court, counsel. My name is Jasmine Wharton. I represent the people of the state of Illinois in this matter. Defendant's actions in this case amounted to very serious offenses. Unlawful restraint and aggravated domestic battery. Defendant was sentenced to nine years' imprisonment on the aggravated domestic battery. And in light of the evidence presented during the sentencing hearing, a defendant was properly sentenced, and there was no abuse of discretion in this case. Now, for an aggravated domestic battery, generally you're sentenced under the Class II range. But because defendant had prior Class II felonies on his record, he was sentenced as a Class X offender facing six to 30 years. Now, as Your Honor put it, receiving a nine-year sentence on a six to 30 is on the low end of the range. And I think it specifically looks at the seriousness of the events that occurred and the offense and the circumstances, as well as the factors in aggravation and mitigation in this case. While defendant does suffer from PTSD, depression, has substance abuse issues, kind of runs the gamut in terms of issues that he has. The court was made aware of those issues. The court considered those issues. But defendant's rehabilitative potential or mitigating factors should not receive a greater weight than the seriousness of this offense. In this case, the victim was refused to exit her hotel room. A defendant is about 6'1", 280 pounds, and the victim is about 4'11", 120 pounds. She was thrown onto the bed numerous times. Her wrists were bound using a T-shirt, and her ankles were bound as well. Defendant testified himself that he tied her up and was sitting on her waist. She had difficulty breathing. She felt like she was suffocating in this instance. At some point, she felt the need to vomit, and defendant allowed her to roll over to vomit onto the bed and then rolled her back over and continued to sit on top of her, placed her phone in the bathroom away from her. This was a very, very serious incident that occurred. And I appreciate that opposing counsel isn't trying to lessen the seriousness or what occurred to the victim, Ms. Navarro, in this instance, because I'm sure it was very, very traumatic for her. But coupled with all of those things that the trial court was able to witness during the actual trial and get the testimony from the defendant that he is not disputing that all of those things happened, that coupled with the numerous issues that the defendant has in mitigation, it's the people's position that a nine-year sentence was appropriate. There does not seem to be any abuse of discretion. It shows that the trial court reviewed all of this in evidence and made an appropriate decision in sentencing the defendant to nine years. Thank you. We just asked that you affirm. Just simply add we believe it's excessive. We're not deprecating what happened here. A six-year sentence is a serious sentence, especially when you compare it with the other sentences in this court and other courts, unless you have any questions. Thank you, Mr. Kruger. And thank you both for your attendance today.